Conway B, J. This was a suit by attachment. The writ was duly executed, and the defendant below appeared and pled four pleas in abatement. Plaintiff demurred to them all, and the demurrer was sustained. Defendant then pled payment, and issue was joined on the plea. He then filed his exceptions to the affidavit, and moved the court to dissolve the attachment, and restore the property attached. The court overruled the exceptions and the motion. Defendant excepted, and declining farther defence rested on his exceptions. Final judgment was rendered against him, and he appealed. The principal objection urged to the affidavit is, that it was not filed before the writ of attachment issued. It appears, from the testimony of the clerk on the motion of the plaintiff made at the trial for the affidavit to be filed nunc pro tunc, that when the writ of attachment was applied for, the affidavit was made before the clerk, and that the clerk, instead of filing it or marking it filed, wrote out the writ of attachment on the reverse side of the half-sheet on which the affidavit was written, and handed it to the sheriff, who kept it until he executed the writ and made his return. We do not conceive that the validity of the affidavit was at all impaired by the clerk’s omission to retain it in his office and mark it filed, though it was his .duty to have done both. Nor was it improper in the court at the trial to order the affidavit to be filed nunc pro tunc. It was competent for it to make such order at any time. The plaintiff complied with the requisites of the law when he made the affidavit and left it with the clerk to be filed prior to the issuance of the writ. It is also objected that the affidavit is not sufficiently formal. It is true it contains no allegation in words that the defendant was indebted to plaintiff in a sum “exceeding one hundred dollars.” But we do not think this material. It is not necessary thus literally to allege the fact. It is sufficient if the indebtedness stated in the affidavit exceeds one hundred dollars. The judgment is affirmed.